IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CR No. 16-1426 MV
                                                 CR No. 17-2957-MV

ANDREW CHICHARELLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Chicharello's Motion to Enforce This Court's Prior Order for Witness Interviews [Doc. 123], filed on March 20, 2018. The Court, having considered the Motion and the relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

On April 12, 2016, an Indictment was returned charging Mr. Chicharello with one count of sexual abuse, in violation of 18 U.S.C. §§ 1153, 2242(2) and 2246(A). The Indictment alleges that the sexual abuse occurred "on or about January 12, 2015, and continuing to on or about January 13, 2015." [Doc. 1].

Mr. Chicharello filed a Motion for Depositions Due to Obstruction of Witness Communication [Doc. 70], alleging that the prosecution was engaging in conduct to discourage its witnesses from meeting with the defense. The Court held an evidentiary hearing on March 8, 2018, at which it heard testimony from five witnesses, three of whom are in the victim's immediate family. The Court found no showing of improper government interference and denied the Motion for Depositions as to these witnesses. However, some of the witnesses testified that they would be willing to meet with the defense. Accordingly, at the conclusion of the hearing, the Court requested that the parties work together to arrange meetings with these

witnesses. The Court's law clerk followed up with counsel the next day by email to confirm the names of the four witnesses who testified they would be willing to meet.

On March 15, 2018, the Court received an email from the United States explaining that its case agent reached out to these four witnesses to set up interviews with the defense team. He was not able to make contact with one of the witnesses, but the other three responded that they no longer wanted to participate in another interview. The case agent documented these attempts to schedule the interviews and the United States has provided these reports to the defense.

In the instant Motion, the defense asks the Court to order "the government to immediately schedule the witness interviews that this court ordered at the March 8, 2018, hearing in this case." [Doc. 123 at 1]. The Court did not order that interviews must take place; it merely requested that both parties promptly follow up with the witnesses who testified that they would be willing to participate in an interview with the defense team. The government's case agent has made efforts to schedule these interviews, so in reality the defense is asking the Court to order these witnesses to participate in interviews with the defense (i.e. depositions).

The Court has no basis of authority to order such interviews. Witnesses belong "neither to the government nor the defense[, and b]oth sides have a right to interview witnesses before trial." *United States v. Carrigan*, 804 F.2d 599, 603 (10th Cir. 1986). Nevertheless, a "witness in a criminal case has the right to refuse to be interviewed," and a defendant's rights are not violated when a witness decides not to talk. *United States v. Pinto*, 755 F.2d 150, 152 (10th Cir. 1985). The Court may only order depositions where there is a showing of government interference, in particular, if a prosecutor were to "advise a prospective witness to decline to give the defense information that a person has a right to give." *Carrigan*, 804 F.2d at 603. The defense asserts that "[i]t is only reasonable to conclude that the witnesses who had expressed

willingness to be interviewed by the defense had a change of heart as a result of direct or indirect communication with the government." [Doc. 123 at 3]. This is wholly speculative and insufficient under *Carrigan*. Neither the lengthy testimony at the hearing nor the instant Motion makes a factual showing that there has been any discouragement by the government. It would appear, without more, that these witnesses had a change of heart on their own.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Mr. Chicharello's Motion to Enforce This Court's Prior Order for Witness Interviews [Doc. 123] is denied.

DATED this 23rd day of March, 2018.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE